UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                              DECISION AND ORDER

                                                                16-CR-6084L

                             v.

SCOTT T. WILBERT,

                              Defendant.
_____

       Defendant, Scott T. Wilbert ("Wilbert"), has been indicted in a single count of possession and receipt of child pornography. This Court referred all pretrial matters and motions to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b).

       Wilbert filed several pretrial motions many of which were decided from the Bench by Magistrate Judge Feldman on December 8, 2016. Two motions were not resolved in that fashion. They included defendant's motion to suppress evidence seized pursuant to a search warrant and a motion for a so-called *Franks* hearing.[1]

       The issues pending before Magistrate Judge Feldman, and now this Court, involved defendant's motion to suppress evidence relating to child pornography that was seized from an upstairs apartment at 634 Garson Avenue, Rochester, New York pursuant to a search warrant signed by Monroe County Court Judge Victoria M. Argento.

---

[1] *Franks v. Delaware,* 438 U.S. 154 (1978).

Defendant raises several issues concerning the warrant. He challenges the affidavit in support of the warrant and claims it did not establish proper connection between the crime and the premises sought to be searched. He also contends the warrant is overbroad and requests the *Franks* hearing contending that the information provided by the affiant was deliberately or recklessly imprecise. Defendant also contends that the execution of the warrant was delayed unreasonably and, therefore, it was stale.

Magistrate Judge Feldman issued a thorough Report and Recommendation (Dkt. #32) concerning these issues. He recommended that this Court deny the motion to suppress and deny the request for a *Franks* hearing. Defense counsel duly filed Objections to that Report and Recommendation (Dkt. #36).

I have reviewed the Report and Recommendation, the papers submitted on the motion, as well as defendant's present Objections to the Report and Recommendation. I believe the Magistrate Judge correctly analyzed the facts and the law, and I accept the Report and Recommendation. I see no basis to reverse, modify or alter that recommendation.

I believe the warrant that led to the seizure of the incriminating child pornography was sufficiently precise as to the premises to be searched, that is, the upstairs apartment or "Apartment Up" at 634 Garson Avenue, Rochester, New York. That was the premises searched which led to the discovery of the incriminating evidence. Magistrate Judge Feldman properly focused on the actual warrant issued rather than portions of the affidavit in support of the warrant.

I also agree with Magistrate Judge Feldman that although there was a delay of several weeks before the warrant was executed, in cases such as this, involving child pornography,

especially concerning an individual that had previously been convicted of criminal sexual acts and was registered as a sex offender, as Magistrate Judge Feldman pointed out, under these circumstances delay in executing the warrant was not improper.

I also agree with Magistrate Judge Feldman that there is no basis to conduct the *Franks* hearing. Magistrate Judge Feldman determined that the warrant satisfied the particularity requirement under the Fourth Amendment and, therefore, there was no need for any further hearing.

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #32) issued by United States Magistrate Judge Jonathan W. Feldman. I concur and adopt his recommendation.

Defendant's motion to suppress physical evidence obtained pursuant to a search warrant and his motion for a *Franks* hearing are in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      May 22, 2017.