UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                DECISION AND ORDER

                 Plaintiff,

                                16-CR-6084L

         v.

SCOTT T. WILBERT,

                 Defendant.
_____

      In August 2017, the defendant Scott T. Wilbert ("Wilbert") filed a motion to suppress and a motion to dismiss contending that two screenshots uploaded from his IP address constituted an illegal warrantless search of his computer.

      Magistrate Judge Feldman conducted a hearing on January 17, 2018 and three witnesses testified at the hearing. Both sides submitted post-hearing briefs on the matter. On August 20, 2018 (Dkt. #79), Magistrate Judge Feldman issued a thorough, 29-page Report and Recommendation recommending that the motion to suppress be denied; the motion for a *Franks* hearing be denied; and the motion to dismiss the Indictment be denied. Objections to the Report and Recommendation (Dkt. #81) were duly filed and the matter is now before this Court.

      This is the second motion to suppress filed by Wilbert. The first motion was filed on November 2016 and it claimed that the affidavit in support of the state search warrant for 634 Garson Avenue, Rochester, New York failed to describe the place to be searched with particularity. Magistrate Judge Feldman found, to the contrary, that the warrant properly authorized the search of "Apartment Up" at the 634 Garson Avenue address. The warrant was

more precise than the application for it. Magistrate Judge Feldman also denied the request for a *Franks* hearing (438 U.S. 154 (1978)).

By Decision and Order entered May 22, 2017, I accepted the Report and Recommendation and denied the motion to suppress. I found that the warrant was sufficiently particular and that there was no need for a *Franks* hearing.

The present motion is based on grounds entirely different from that raised in the first motion filed on November 2016. Magistrate Judge Feldman framed the issue thus: whether two screenshots of a video chat uploaded from Wilbert's IP address to a chat site which was then forwarded to the National Center for Missing and Exploited Children ("NCMEC") and then later passed to law enforcement (the New York State Police) must be suppressed as the result of an illegal warrantless search of his computer. Wilbert also claims that other evidence obtained must be suppressed as fruit of the poisonous tree and that the Indictment should be dismissed for failure to preserve certain evidence.

Magistrate Judge Feldman's report summarizes the testimony given at the hearing by Leif K-Brooks, the founder of Omegle, John Shehan, an official with the Exploited Child Division at NCMEC and Investigator David Cerretto, with the New York State Police.

The testimony, especially from K-Brooks, the founder of Omegle, was complex as he described the mechanics of his system and the electronically-stored information that it produces. According to the testimony, the platform of the program at issue contains a "chat moderation" mechanism that screens images and automatically captures some images deemed to be suspicious. If the program detects "bad things," that is something other than a person sitting in front of a webcam, the material is flagged for review by human moderators.

These human moderators are apparently on duty, throughout the world, twenty-four hours a day.

K-Brooks testified that on October 25, 2015, Omegle's automated software flagged as "suspicious" two images from the IP address which eventually was determined to belong to Wilbert. The first image to be uploaded was described image "a9e7" and the second image was identified as "c6d0." According to protocol, both of those images were sent to NCMEC. It appears that only the second image, "c6d0," was actually reviewed by a monitor and determined to constitute child pornography. That image, sometimes referred to as the canine image, depicted a dog performing oral sex on a young girl.

As thoroughly described by Magistrate Judge Feldman, upon review by NCMEC, the child pornography image was passed on to the New York State Police and Investigator Cerretto admitted that he reviewed both of the images. The one involving the canine and the other image which does not appear to have any improper content. Based on his review, Cerretto submitted an affidavit to a New York State judge and obtained a search warrant for the computer owned and operated by defendant Wilbert. Based on that search, numerous items of child pornography were discovered which formed the basis for the instant Indictment.

The Court has had the full transcript of the suppression hearing on January 17, 2018 (p.208) and I believe that Magistrate Judge Feldman accurately summarized the pertinent evidence presented. Therefore, I incorporate by reference here the factual matters discussed by Magistrate Judge Feldman (pp.2-13) in his Report and Recommendation.

# DISCUSSION

As Magistrate Judge Feldman noted, defendant faces several legal principles that would, under certain circumstances, defeat a motion to suppress alleging a violation of the Fourth Amendment. These include standing, a reasonable expectation of privacy, as well as application of the third-party doctrine, consent to search and the private search doctrine. All these concepts and principles are made somewhat more complicated to apply because the facts and the items seized are electronically stored information.

Magistrate Judge Feldman discussed the above legal principles and concluded that even if defendant could overcome these obstacles, suppression here would not be warranted. I agree.

Magistrate Judge Feldman based his recommendation to deny suppression on concepts embodied in the "private search doctrine." It is clear, of course, under Fourth Amendment jurisprudence, that the Fourth Amendment's guarantee relates to governmental activity – not private action. Fourth Amendment protections are not implicated by searches conducted by private individuals.

Defendant here (Report and Recommendation p.21) did not dispute that Omegle is a private company and, therefore, its seizure of two "snapshots" from Wilbert's chat with another does not raise Fourth Amendment concerns. It that were all that occurred, the matter would be straightforward and no Fourth Amendment violation would exist.

But here, as required by law, 42 U.S.C. § 5773(b); 18 U.S.C. § 2258A, Omegle transmitted the offending images to NCMEC on its Cyber Tipline Report which was, in turn, passed onto the relevant law enforcement agency, here the New York State Police.

Magistrate Judge Feldman "assumed without deciding" that consistent with the Tenth Circuit's decision in *United States v. Ackerman*, 831 F.3d 1292 (2016) NCMEC is a "governmental entity," or an agency of the government (Report and Recommendation p.22).

From this point, as Magistrate Judge Feldman noted, the inquiry should focus on whether the governmental agents "expanded" the search originally made by the private entity. Here, Magistrate Judge Feldman concluded, in part, that NCMEC did not "expand" the private search initiated by Omegle of Wilbert's video chat. Therefore, NCMEC did not further examine material different from that which the private entity, Omegle, had examined.

Magistrate Judge Feldman next focused on the activities of Investigator Cerretto. Magistrate Judge Feldman determined that even if Cerretto could be viewed as "expanding" the search by opening both image a9e7, as well as the "canine," image c6d0, such act did not warrant the suppression of evidence obtained based on the search warrant issued by a state court judge.

Magistrate Judge Feldman concluded as do I, that the untainted evidence – c6d0 – was certainly sufficient to establish probable cause that child pornography was displayed on the chat video, putting aside any alleged tainted evidence. Magistrate Judge Feldman relied on Supreme Court precedent, as well as Second Circuit authority (Report and Recommendation p.25) to support the proposition that after excising the tainted evidence, if the remaining evidence established probable cause then there was no Fourth Amendment violation. I agree. As Magistrate Judge Feldman noted: "Image c6d0 depicts child pornography." (Report and Recommendation p.26). Such evidence provided ample basis for issuance of the warrant which led to the discovery of the child pornography images which formed the basis of the present indictment.

So I accept and adopt Magistrate Judge Feldman's Report and Recommendation that defendant's motion to suppress be denied for the reasons advanced by Magistrate Judge Feldman.  In addition, I find that on the facts here, as to the two video screenshots, defendant failed to demonstrate that he had a legitimate expectation of privacy.  The items at issue were shared with an anonymous third-party according to the Omegle program, and Wilbert, in my view, had no reasonable privacy expectation that that person might not share the images with another or with law enforcement.  Furthermore, I find that the Omegle website had a clear warning that the "chats" are subject to monitoring for offensive content as part of Omegle's moderation process.

Magistrate Judge Feldman noted the contents of this policy (Report and Recommendation p.16 n.8) which is displayed on the site.  The screening policy was clear enough to put users, such as Wilbert, on notice that Omegle was monitoring activity and that such could be used for law enforcement purposes.

I also agree with Magistrate Judge Feldman that Wilbert failed to make the required showing for the Court to order a *Franks* hearing under authority of *Franks v. Delaware*, 438 U.S. 154 (1978).  But, as a practical matter, the officer involved, Investigator Cerretto, testified at the suppression hearing and was cross-examined in detail about his activities and the preparation of his affidavit for the search warrant.  Nomenclature aside, Wilbert was able to explore the issues concerning the preparation of the affidavit for the search warrant.

In addition to Magistrate Judge Feldman's findings, I also conclude that the good faith exception rule enunciated in *United States v. Leon*, 468 U.S. 897 (1984) applies.  Investigator Cerretto provided a state court judge with the image involved depicting child pornography.  The

officer, therefore, was entitled to reasonably rely on the decision of the state court judge to issue the warrant.

## CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Jonathan W. Feldman (Dkt. #79).

Defendant's motion to suppress (Dkt. #42) is in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 1, 2018.