UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK



SCOTT T. WILBERT,

    PETITIONER

V.

UNITED STATES OF AMERICA,

    RESPONDENT

16-CR-6084-DGL
21-CV-6640-DGL

### PETITIONERS ANSWER IN RESPONSE TO GOVERNMENTS ANSWER AND MEMORANDUM OF LAW IN OPPOSITION

#### UNDISPUTED FACTS

A.- Defense counsel knew or should have known that the governments entire prosecution rested upon a prohibited violation of the Wiretap Act

B. - Defense counsel knew or should have known that Congress has, by statute, denied the government the power to bring charges based upon evidence obtained in violation of the act

C. - The government concedes that Appellate counsel violated the terms of the plea agreement it authored by not raising all of the issues that were specifically preserved in it

D. - Defense counsel knew or should have known that the denial of Wilbert's suppression motion based upon the a never raised before private search doctrine was a denial of due process and an abuse of discretion

E. -The government knew or should have known that the 2nd Circuit has consistently reversed the Western District Of New York for super ceding indictments on the eve of trial with information it posessed at the time of arrest

F. - Defense counsel knew or should have known that the governments super ceding indictment on the eve of trial was illegal and was effectively put on notice of this fact when Magistrate Feldman brought to his attention at Wilbert's arraignment

G. -Defense counsel knew or should have known that New York State eavesdropping statutes concerning its citizens hold the police to stricter standards than the Federal Wiretap Law

H. -Defense counsel knew or should have known that he could not reasonably advise Wilbert to plead guilty

based upon the governments averment about the strength of the evidence, and its connection to Wilbert, having never tested the governments assertions with a forensic expert of its won

I. - Defense counsel knew or should have known, (at least after the testimony of John Shehan) that NCMEC's private offline database that it search's for comparison data on behalf of law enforcement, and then adds to for the future search of reports, constitutes an expansion of the initial (arguably) private search performed by ISP/ESPS in its government capacity and required them to obtain a search warrant

J. - Defense counsel knew or should have known that he had an actual conflict of interest, at Wilbert's arraignment when he was a witness to some of the additional charges and had advised Wilbert concerning them

K. - The government does not dispute the substantive merits or factual basis of any of the grounds that Wilbert cites in his 2255 petition, standing instead on procedural bars this must therefore be construed as conceding Wilbert's claims

## WILBERTS RESPONSE

The government, comprising 22 pages, informs the court that Mr. Wilbert pled guilty. Wilbert concede's that he pled guilty. The issue before the court is the knowing, intelligent and voluntary nature of that plea, due to ineffective assistance of counsel, government misconduct and the undisputed fact that the government brought charges based upon information it is statutorily barred from using, thereby violating its Jurisdictional reach in the first instance, and violating various constitutional rights in the second instance.

Wilbert, by way of 28 U.S.C. 2255 has supplied ample proof to the court that his pea was not knowing, intelligent or voluntary.

The government offers no affidavits from defense counsel or appellate counsel to support its claims that Wilbert's counsel made "strategic decisions" not to raise these undisputed constitutional violations. These undisputed facts, if proved would terminate the governments prosecution, so there can be no reasonable strategic reason not to raise them. As to the substance and merit of Wilbert's claims, the government is silent. Wilbert's claims stand undisputed.

The government concedes that appellate counsel failed to raise grounds Wilbert specifically preserved in the plea agreement. (gov't answer -pg. 21 line 9) and states that, in this instance at least, the plea agreement is not binding. Wilbert has offered various exhibits and his sworn affidavit to prove his claims of ineffective assistance of appellate counsel. Again, as to the substantive merits of Wilbert's claims, the government stands silent.

Wilbert's ineffective assistance of appellate counsel claims stand undisputed and conceded.

The government then proffers that despite appellate counsel being the "hallmark of effective appellate advocacy", Wilbert is procedurally barred from raising a speedy trial claim under 28 U.S.C. 2255, because it must first be raised on direct appeal, appellate counsel refused to do that and defense counsel, who failed to raise it at all, would certainly meet the standard the government put forth, citing the need to prove "cause and prejudice" which requires "cause to be external to the petitioner and something that cannot fairly be attributed to him." The government ignores Wilbert's ineffective assistance claims, his 2255 exhibits and his sworn affidavit, as well as the governments own actions, which were outlined in Ground #3, citing prosecutorial misconduct. As to the substantive merits of Wilbert's claims, the government continues to stand silent. Wilbert's claims stand undisputed.

## DISPUTED FACTS

1. - The knowing "strategic choices" the government claims defense counsel made, with no statements or testimony to support those claims

2. - Appellate counsels decision making in which she "felt" that some of Wilbert's claims, while specifically preserved in the plea agreement, lacked merit, were frivolous or for other unknown reasons, were not raised on direct appeal, which the government offers no statements or testimony to support these assertions.

3. - The government states that Wilbert knew every claim now raised via 2255, before he pled guilty, despite his sworn affidavit and 2255 petition, offering no support to prove these claims

4. - The government claims never to have offered Wilbert a plea of 120 months at any time, despite there being numerous offers on the record and conveyed by defense counsel to Wilbert personally. (see Wilbert's affidavit, and hearing held on 5/22/17 or 6/21/17 in which Kyle Rossi confirms plea offer on the record in front of Judge Larimer)

## RELIEF SOUGHT AND STANDARDS OF SAID RELIEF

Based on the government conceding every substantive claim that Wilbert has made, the strength and merits of the claims and the undisputed jurisdictional nature of the Wiretap violation, which should have prevented the government from bringing charges in the forst place, Wilbert asks this court to grant his 2255 motion and order his immediate release. In the alternative, to grant an expedited hearing and to issue bail pending its outcome, to allow the withdrawal of Wilbert's plea, order expansion of the record if necessary and any other relief that this court may deem necessary and just in its discretion.

Ineffective assistance of counsel claims may be brought in a 2255 motion regardless of whether they could have

been raised, or were raised, on direct appeal. see Massaro v. UNITED STATES, 538 U.S. 500, 508-09, 123 S. ct. 1690, 1696, 155 L. Ed. 2d 714 (2003).

Waivers are strictly construed against the government due to its greater bargaining power and because it usually drafts the plea agreement. See Yushuvayev V. UNITED STATES, 532 F. SUPP. 2d 455, 468 (E.D.N.Y. 2008)

Leave of court is required to engage in discovery, which may be granted for good cause. See rule 6(a)

Section 2255 provides that a court shall hold an evidentiary hearing "unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. 2255; See Pham v. UNITED STATES, 317, F.3d 178, 185 (2d Cir. 2003)(28 U.S.C. 2255 does not permit summary dismissal of motions that present facially valid claims.)

The Second Circuit has interpreted 2255 "As requiring a hearing in cases where the petitioner has made a plausible claim of ineffective assistance of counsel." Morales V. UNITED STATES, 635 F.3d 39, 45 (2d Cir. 2011) (Quoting Puglisi V. UNITED STATES, 586 F. 3d 209, 213 (2d Cir 2009)). ( Internal quotations omitted).

To demonstrate actual innocence " a petitioner must present 'new reliable evidence that was not presented at trial' and 'and show that it is more likely than not that no reasonable jury would have found him guilty beyond a reasonable doubt'. Lucidore, 209 F.3d at 114. ( Quoting Schlup V. Delo, 513 U.S. 298, 299, 327-28 (1995). This standard remains the same where a petitioner was convicted on a plea of guilty. Lucidone, 209 F.3d at 114.

Authorization requirements provided for in 18 U.S.C.S. 2516(1) are not to be loosely interpreted, and are not mere technicalities. UNITED STATES V. King, 478 F. 2d 494 (9th Cir 1973), Cert denied, 414 U.S. 846, 94 S.Ct. 111, 38 L.ed 2d (1973), Cert. denied, 417 U.S. 920, 94 S.ct. 2628, 41 L.ed. 2d 226 (1974).

28 U.S.C. 2255(a) (providing a claim that the district court was without jurisdiction to impose a sentence may be properly raised in a motion brought under 2255.)

"PRO SE" litigants pleadings are to be construed liberally and held to less stringent standards than formal pleadings drafted by lawyers; if the court can reasonably read pleadings to state a valid claim om which litigant could prevail, it should do so despite failure to cite proper authority, confusion of legal theories, poor syntax and sentence construction or litigants unfamiliarity with pleading requirements. Haines V. Kerner, 404 U.S> 519, 30 Led. 2d 652, 92 S.ct. 594 (1972).

As to the issue of whether any deficient performance by counsel caused prejudice, a court must consider whether "there is a reasonable probability that, but for counsels errors, the result of the proceeding would

have been different." UNITED STATES V. Nolan, 956 F.3d 71,79 (2d Cir. 2020)(Quoting Strickland, 466 U.S. at 690). "a reasonable probability is a probability sufficient to undermine confidence in the outcome."

Garner V. Lee, 908 F.3d 845, 862 (2d. Cir. 2018) (quoting Strickland, 466 U.S. at 694.)

MANSFIELD, Cold WATER & LAKE michigan Ry. V. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L. Ed. 462 (1884) Jurisdiction must be raised by the Federal Sua Sponte IF it Comes to the Courts Attention.

RESPECTFULLY SUBMITTED,

Scott T. Wilbert 6/10/2022

SCOTT T. WILBERT 27018-055
L.S.C.I.- ALLENWOOD-LOW
P.O. BOX 1000
WHITE DEER, P.A. 17887