**Beginning on page 1603, infra.**

**Admissibility of evidence obtained by wire tapping as affected by § 605 of Federal Communications Act**

**ANNOTATION REFERENCES**

1. Admissibility of evidence obtained by wire tapping as affected by § 605 of the Federal Communications Act, 97 L ed 237.

2. Admissibility of evidence obtained by government or other public officer in intercepting letter or telegraph or telephone message, 53 ALR 1485, 66 ALR 397, 134 ALR 614.

3. Mode of establishing that information obtained by wire tapping has or has not led to evidence introduced by prosecution, 28 ALR2d 1055.

4. Modern status of rule governing admissibility of evidence obtained by unlawful search and seizure, 50 ALR2d 531. See also 93 L ed 1797, 96 L ed 145, 98 L ed 581, 100 L ed 239.

HEADNOTES

**Classified to U.S. Supreme Court Digest, Lawyers' Edition**

**Courts § 95.3 - avoiding constitutional question.**

1. The United States Supreme Court will not decide constitutional questions presented by a case which can be decided by construction of a statute involved therein.

**Communications § 9 - interception of messages.**

2. The provision of § 605 of the Federal Communications Act (47 USC § 605) that no person not authorized by the sender shall intercept any communication and divulge or publish the existence or contents thereof to any person, creates a prohibition against any persons violating the integrity of a system of telephonic communication; distinctions designed to defeat the plain meaning of the statute will not be countenanced.

Annotation: p.1603, infra.

**Evidence § 673, 681.3 - admissibility - interception of messages.**

3. Evidence is inadmissible in a federal court if it is obtained either by state or federal agents

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

by means forbidden <*pg. 127> by the provision of § 605 of the Federal Communications Act (47 USC § 605) that no person not being authorized by the sender shall intercept any communication and divulge or publish the existence or contents thereof to any person.

Annotation: p.1603, infra.

**Communications § 9 - interception of messages.**

4. The provision of § 605 of the Federal Communications Act (47 USC § 605) that no person not being authorized by the sender shall intercept any communication and divulge or publish the existence or contents thereof to any person is violated when, in a federal criminal prosecution, there is disclosed to the jury the existence of an intercepted telephone communication between the defendant and another person.

Annotation: p.1603, infra.

**Evidence § 681.3 - wire tapping by state officers.**

5. A conviction of crime in a federal court will be reversed where it appears that, in violation of the provision of § 605 of the Federal Communications Act (47 USC § 605) that no person not being authorized by the sender shall intercept any communication and divulge or publish the existence or contents thereof to any person, the prosecution disclosed to the jury the existence of a telephone communication between defendant and another, the communication having been intercepted by means of wire tapping conducted by state law enforcement officers, and the prosecutor continued to use evidence linked to a wire tap although he had been made aware of the existence of the wire tap and of its significance to his case.

Annotation: p.1603, infra.

**Communications § 9 - interception of messages.**

6. Section 605 of the Federal Communications Act (47 USC § 605) which provides that no person not being authorized by the sender shall intercept any communication and divulge or publish the existence or contents thereof to any person, states an express, absolute prohibition against the divulgence of wire tapping.

Annotation: p.1603, infra.

**Evidence § 681 - wrongfully acquired evidence.**

7. The principle that, when the acquisition of evidence in a certain way is forbidden, evidence so acquired shall not only not be used before the court, but shall not be used at all, has for its purpose enhancement of the proper administration of criminal justice.

LED2                                                                 3

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**Commerce § 143 - wire tapping.**

8. Congress has constitutional power to forbid wire tapping by state law enforcement officers, even in the face of a conflicting state law.

**Communications § 8 - federal regulation.**

9. The Federal Communications Act is a comprehensive scheme for the regulation of interstate communications.

**Commerce § 110; Communications § 9 - interception of messages - intrastate communications.**

10. Both intrastate and interstate communications come within the scope of § 605 of the Federal Communications Act (47 USC § 605 et seq.), <*pg. 128> which provides that no person not being authorized by the sender shall intercept any communication and divulge or publish the existence or contents thereof to any person.

Annotation: p.1603, infra.

**Communications § 9; Statutes § 176 - interception of messages - authority of states.**

11. The existence of express grants of authority to the states in various provisions of the Federal Communications Act indicates that had Congress intended to allow the states to make exceptions to § 605 of the act (47 USC § 605), which provides that no person not being authorized by the sender shall intercept any communication and divulge or publish the existence or contents thereof to any person, it would have said so.

**Commerce § 143; Communications § 9; Evidence § 681.3 - interception of messages - federal courts.**

12. Congress, in providing in § 605 of the Federal Communications Act (47 USC § 605) that no person not being authorized by the sender shall intercept any communication and divulge or publish the existence or contents thereof to any person, did not intend to allow state legislation which would contradict that provision and its policy; hence, wire tapping by state agents is violative of the provision, notwithstanding that such agents are acting under authority of state law, and evidence obtained by such wire tapping is inadmissible in a criminal prosecution in a federal court.

Annotation: p.1603, infra.

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

## APPEARANCES OF COUNSEL ARGUING CASE

*George J. Todaro,* of New York City, argued the cause for petitioner.

*John F. Davis,* of Washington, D.C., argued the cause for respondent.

Briefs of Counsel, p.1602, infra.

## OPINION

[355 US 97]

Mr. Chief Justice *Warren* delivered the opinion of the Court.

The question presented by petitioner is whether evidence obtained as the result of wiretapping by state law-enforcement officers, without participation by federal authorities, is admissible in a federal court. Petitioner was convicted of the illegal possession and transportation of distilled spirits without tax stamps affixed thereto in violation of 26 USC §§ 5008(b)(1), 5642. The New York police, suspecting that petitioner and others were dealing in narcotics in violation of state law, obtained a warrant in accordance with state law[1] authorizing them to tap the wires of a bar which petitioner was known to frequent. On May 10, 1956, the police overheard a conversation between petitioner and another in which it was said that "eleven pieces" were to be transported that night at a certain time and to a certain place in New York City. Acting according to this information, the police followed and stopped a car driven by petitioner's brother. No narcotics were found, but hidden in the car were eleven five-gallon cans of alcohol without the tax stamps required by federal law. The brother and the alcohol were turned over to federal authorities and this prosecution followed.

At the trial the first government witness, a state police officer, testified to the events leading up to the discovery of the cans of alcohol in an automobile which had been driven by the petitioner and then taken by his brother to the appointed spot. No mention was made of the wiretap <*pg. 129> on direct examination. However, on cross-examination this witness admitted that the information causing the police to follow the car and intercept it came

[355 US 98]

LED2                                                      5

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

from a wiretap.[2] On redirect examination the prosecutor sought to prove that the wiretap had been authorized by state law. The Government introduced a second police official, who testified substantially as the first, admitting on direct examination that a wiretap had existed and on cross-examination that the discovery of the alcohol was occasioned by knowledge of the contents of the wiretapped conversation. The words of that conversation were not disclosed to the jury although they were disclosed to the trial judge and the defense counsel.[3] The

[355 US 99]

record is silent as to whether the prosecutor was told the words of the conversation. However, in our view it is unimportant whether he had this information or not.

[1] Petitioner's motion to suppress the evidence was denied and he was convicted. The Court of Appeals for the Second Circuit affirmed, 244 F.2d 389, holding that while the action of the state officials violated § 605 of the Federal Communications Act, the evidence obtained from the violation was still admissible. We granted certiorari. 355 US 801, 2 L ed 2d 19, 78 S Ct 6. Petitioner, relying on this Court's supervisory powers over the federal court system, claims that the admission of the evidence was barred by the Federal Constitution and § 605. We do not reach the constitutional questions as this case can be determined under the statute.

Section 605 states in pertinent part:[4]

"... no person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. ..."

I.

In Nardone v United States, 302 US 379, 82 L ed 314, 58 S Ct 275, <*pg. 130> and 308 US 338, 84 L ed 307, 60 S Ct 266, this Court held that evidence obtained from wiretapping by federal agents was inadmissible in federal court. In Schwartz v Texas, 344 US 199, 97 L ed 231, 73 S Ct 232, the same type

[355 US 100]

of evidence was held admissible in a state court where it had been obtained by state agents. The case before us, containing elements from these three cases, forces a choice between the different results reached.

[2][3] The Nardone decisions laid down the underlying premises upon which is based all

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

subsequent consideration of § 605.  The crux of those decisions is that the plain words of the statute created a prohibition against any persons violating the integrity of a system of telephonic communication and that evidence obtained in violation of this prohibition may not be used to secure a federal conviction.  Nardone v United States, 302 US 379, 382, 82 L ed 314, 316, 58 S Ct 275.  Moreover, as the second Nardone decision asserts, distinctions designed to defeat the plain meaning of the statute will not be countenanced.  308 US 338, 340, 84 L ed 307, 311, 60 S Ct 266.  We hold that the correct application of the above principle dictates that evidence obtained by means forbidden by § 605, whether by state or federal agents, is inadmissible in federal court.

[4][5]  In this case the statute was violated if not earlier at least upon the disclosure to the jury of the existence of the intercepted communication,[5] for § 605 forbids the divulgence of "the existence, contents, substance, purport, effect, or meaning" of the intercepted message.  The effect of that violation in contributing to the conviction here is manifest.  The jury were free to speculate that the existence of the communication, the source of the Government's evidence, was further proof of petitioner's

[355 US 101]

criminal activities.[6]  The prosecutor continued to use evidence now linked to a disclosed wiretap although he had been made aware of its existence and of its obvious significance to his case.[7]

Respondents argue that the evidence obtained from the disclosed wiretap should have been admissible by referring to Schwartz v Texas <*pg. 131> (US) supra, and by drawing a parallel to the Fourth Amendment.  It is urged that as long as the wiretapping occurred without the participation or even knowledge of federal law-enforcement officers, the evidence should be admitted in federal court; the Federal Government, being without fault, should not be handicapped.  However, Schwartz v Texas does not indicate approval of such a proposition.  Both a state court and state law-enforcement officers were there involved.  The rationale of that case is that despite the plain prohibition of § 605, due regard to federal-state relations precluded the conclusion that Congress intended to thwart a state rule of evidence in the absence of a clear indication to that effect.  In the instant

[355 US 102]

case we are not dealing with a state rule of evidence.  Although state agents committed the wiretap, we are presented with a federal conviction brought about in part by a violation of federal law,[8] in this case in a federal court.[9]

LED2                                                                    7

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

[6] Furthermore, confronted as we are by this clear statute, and resting our decision on its provisions, it is neither necessary nor appropriate to discuss by analogy distinctions suggested to be applicable to the Fourth Amendment.[10] Section 605 contains an express, absolute prohibition against the divulgence of intercepted communications. Nardone v United States, 302 US 379, 382, 82 L ed 314, 316, 58 S Ct 275. This case is but another example of the use of wiretapping that was so clearly condemned under other circumstances in the second Nardone decision:[11]

"To forbid the direct use of [these] methods ... but to put no curb on their full indirect use would

[355 US 103]

only invite the very methods deemed 'inconsistent with ethical standards and destructive of personal liberty.' What was said in a different context in Silverthorne Lumber Co. v United States, 251 US 385, 392, is pertinent here: 'The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the court, but that it shall not be used at all.' "

[7] The above principle has for its purpose enhancement of the proper administration of criminal justice. To impute to the statute anything less would give it "a self-defeating, if not disingenuous purpose."[12]  <*pg. 132> Nardone v United States, 308 US 338, 340, 341, 84 L ed 307, 311, 60 S Ct 266.

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

EXH. B

Title III of Omnibus Crime Control and Safe Streets Act of 1968, 18 USCS §§ 2510–2520, does not unconstitutionally authorize such broad intrusions as to violate Fourth Amendment, allowing obtaining of testimonial evidence of crimes in violation of Fourth and Fifth Amendments, violate First Amendment rights of free speech, allow search for which no notice prior to entry is required, or allow interceptions without establishment of probable cause. United States v. Sklaroff, 506 F.2d 837 (5th Cir.), cert. denied, 423 U.S. 874, 96 S. Ct. 142, 46 L. Ed. 2d 105 (1975), disapproved, United States v. Ojeda Rios, 495 U.S. 257, 110 S. Ct. 1845, 109 L. Ed. 2d 224 (1990).

USCS                                                    1

© 2021 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.